A. D. BLANCHARD, Appellant, v. OLDS GASOLINE
ENGINE WORKS, Respondent.

**Kansas City Court of Appeals, March 7, 1910.**

1. **PRACTICE: Parties: Pleading: Harmless Error.** Plaintiff
   sued for loss of property by fire caused by alleged negligence
   of defendant. Defendant did not plead that plaintiff was not
   the owner of the cause of action sued on. It was therefore
   erroneous for the court to ask plaintiff if plaintiff had assigned
   his cause of action to an insurance company, but as he admit-
   ted the making of such an assignment, he was not entitled to
   recover, and a verdict against him will not be disturbed.

2. ———: **New Trial: Harmless Error.** Where the granting
   of a new trial cannot produce a different result, errors occur-
   ring on the trial are immaterial.

3. **DAMAGES BY FIRE: Evidence of Protection by Insurance
   Incompetent.** In an action for damages to property by fire
   resulting from defendant's negligence, it is not proper to per-
   mit evidence that plaintiff collected insurance for such loss.

4. ———: ———: ———: **Misconduct.** It is improper con-
   duct on the part of defendant's counsel to ask plaintiff if he
   had insurance to cover the loss being sued for.

Appeal from Jackson Circuit Court.—*Hon. John G.
Park,* Judge.

AFFIRMED.

*Burnham & Dashiel, Barger & Hicks* and *Fyke &
Snider* for appellant.

*Meservey & German* for respondent.

BROADDUS, P. J.—This is an action by plaintiff
to recover damages alleged to have been sustained by
him, by reason of the negligence of defendant in install-
ing a gasoline engine in plaintiff's elevator building

at Bennington, Kansas, by reason of which negligence he claims his elevator building and machinery were destroyed by fire on July 1, 1905.

On March 28, 1905, plaintiff and defendant entered into a contract whereby the latter undertook to install for the former in his elevator building a gasoline engine to take the place of a steam engine theretofore in use. By the terms of the contract defendant agreed to furnish with the engine a complete equipment of "wrenches, oilers, battery, gasoline tank, muffler exhaust and gasoline pipes." The defendant completed the work about May 22, 1905.

The claim of plaintiff in a general way is that defendant in installing said engine used a defective pipe which allowed the gas to escape, which found its way into a pit near by, and which exploded when it came in contact with a lighted lamp. The result of the explosion was a complete destruction of the elevator building and machinery. The answer of defendant was a general denial. The plaintiff introduced evidence tending to support the allegations of his petition and defendant introduced evidence tending to rebut that of plaintiff. The judgment was for defendant and plaintiff appealed. We will notice only one question presented by the record, which arises out of the testimony of the plaintiff.

The defendant, on cross-examination of plaintiff, asked him if the property was insured. The plaintiff objected to the question that it was wholly immaterial. The court sustained the objection. Defendant's counsel then offered to show by the plaintiff that he was insured; that his loss had been adjusted and paid; and that he had assigned his cause of action to the insurance company. The court said: "If there was an assignment of the cause of action, I will let you prove it." Defendant's counsel said: "I was trying to show it when I was interrupted." Plaintiff's counsel said: "There was nothing of that kind pleaded." The court said: "Well, it would be admissible under the general

denial." Plaintiff's counsel then said: "Well, as to that offer, I object to it; if any part of it is incompetent, I suppose the objection ought to be sustained as to the whole of it."

The court then propounded the following question: "Well, did you sign any paper assigning your cause of action for this alleged defective gas plant to an insurance company?" The plaintiff answered: "I did."

There were other questions propounded to the plaintiff in reference to such assignment, the plaintiff's counsel all the while insisting that they were improper on the ground that if there was such an assignment the writing itself would be the best evidence of the fact. The writing however was not produced. Among the numerous errors assigned there are two stated as follows: "The conduct of defendant's counsel in parading before the jury the fact that plaintiff was insured and had been paid certain insurance money, was improper and prejudicial." Second, The action of the court in propounding to the witness the question: "Well, did you sign any paper assigning your cause of action, or alleged cause of action for this alleged defective gas engine plant to an insurance company or any one else?"

It was improper conduct on the part of defendant's counsel to ask plaintiff if he had insurance to cover his loss.

And we do not consider that the court was authorized to propound the question to plaintiff whether he had assigned his cause of action. "The rule is that where a cause of action which once existed has been determined by some matter which was subsequently transferred, such new matter must be specifically pleaded." [Mfg. Co. v. Cunningham, 73 Mo. App. l. c. 380, and cases there cited.]

We are asked on account of these and other errors to reverse the cause. Had the plaintiff denied that he

had assigned the cause of action, it would be clear that we ought to afford him relief, for the tendency of such an inquiry would be to prejudice his cause in the minds of the jury. But as he admitted by his answer that he had no longer a cause of action, having assigned it to an insurance company, we cannot see how he was prejudiced. Should we reverse and remand the case the defendant would amend its answer and on trial anew no result different from that already obtained could occur. The statute provides that a judgment shall not be reversed except for error materially affecting the merits of the action.

For these reasons the cause is affirmed. All concur.